UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL DUKE COOMBES,<br><br>                 Petitioner,<br><br>   v.<br><br>ERIC JACKSON and MICHAEL OBENLAND,<br><br>                Respondents. | NO: 2:19-CV-0055-TOR<br><br>ORDER DISMISSING PETITION WITH PREJUDICE |

By Order filed April 3, 2019, the Court directed Petitioner to show cause why his *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred under 28 U.S.C. § 2244(d). ECF No. 5. Petitioner submitted a timely response. ECF No. 6.

Petitioner admits that the Washington State Court of Appeals dismissed his final re-sentencing appeal on August 10, 2017. ECF No. 6 at 2. He does not allege that he sought further review in the Washington State Supreme Court. ECF No. 5 at 6.

ORDER DISMISSING PETITION WITH PREJUDICE -- 1

Petitioner continues to rely on the filing of a Mandate on October 16, 2017, for the commencement date of the federal limitations period. He argues "the decision terminating review was on October 11, 2017 . . . according to the Division III Mandate filed on October 16, 2017." ECF No. 6 at 2. While Washington statutory law may determine the finality of a state court decision for state court purposes, the Ninth Circuit has clearly held that it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, which signals the conclusion of review for purposes of the federal habeas statute. *Wixom v. Washington,* 264 F.3d 894, 897-98 (9th Cir. 2001). Therefore, the Court rejects Petitioner's argument to the contrary.

Petitioner also contends that the wording of the Mandate constitutes a "state created impediment" to his timely filing his federal habeas petition under 28 U.S.C. § 2244(d)(1)(B). ECF No. 6 at 3. He claims the "unconstitutionally vague" and "ambiguous" language which mandates "<u>EVERY</u> case back to the Superior Court for further proceedings consistent with their Opinion, in case they've ruled to reverse or remand," causes confusion. *Id.* at 2. He alleges this entitles him to "stop-gap-tolling," a general timeliness standard unique to California state courts. *See Carey v. Saffold,* 536 US. 214, 223 (2002).

Petitioner makes no assertion that the Order of the Washington State Court of Appeals dismissing his final re-sentencing appeal on August 10, 2017 directed either

a reversal or a remand. The Court is unpersuaded that any asserted confusion regarding a Mandate issued after the federal limitations period had already commenced could constitute the type of impediment to filing warranting delayed accrual of the federal limitations period under 28 U.S.C. § 2244(d)(1)(B). In any event, Petitioner does not state the date on which this alleged impediment was removed or how it prevented him from timely filing his federal habeas petition. *See Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1060–61 (9th Cir. 2007).

As stated in the previous Order, ECF No. 5 at 7, Petitioner's judgment became final on September 9, 2017. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding "that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). There being no statutory basis to delay the onset of the federal limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(D), it commenced on September 9, 2017, and expired one year later, on September 9, 2018. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Mr. Coombes presents documentation showing he did not have his legal files between April 18, and May 4, 2018. ECF No. 6 at 9 and 11. Even assuming that Petitioner is entitled to equitable tolling of the federal limitations period for this 16-day period, it would extend the deadline for filing the federal habeas petition no further than September 25, 2018. Petitioner's submission of a Personal Restraint

Petition to the Court of Appeals, Division III, on October 24, 2018, regardless whether the state courts consider it timely, could not toll an already expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Consequently, the federal habeas corpus petition submitted in February 2019 is untimely under 28 U.S.C.§ 2244(d).

For the reasons set forth above and in the Order to Show Cause, ECF No. 5, **IT IS ORDERED** that the Petition, ECF No. 1, is **DISMISSED with prejudice** as untimely.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** May 30, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING PETITION WITH PREJUDICE -- 4